UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RITA F. RUSSELL | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-245 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of plaintiff's objections, [Doc. 17], to the Report and Recommendation of United States Magistrate Judge Dennis H. Inman, [Doc. 16]. Magistrate Judge Inman found that there is substantial evidence to support the Commissioner's decision denying plaintiff's application for Supplemental Security Income, recommended that the plaintiff's motion for summary judgment, [Doc. 11], be denied, and that the defendant Commissioner's motion for summary judgment be granted.

The Report and Recommendation correctly and fully sets out the standard of review and the procedural and factual background of the case. After a careful and *de novo* consideration of the entire record in this case, the Court finds no error in the Report and Recommendation and will accept and adopt in whole the Report and Recommendation. For the reasons set forth in the Report and Recommendation, the Court finds that there is substantial evidence to support the findings of the Administrative Law Judge ("ALJ") and the Commissioner. The Court, although adopting the Report and Recommendation in whole, will, however, more specifically address one issue raised by plaintiff in her objections.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with a "five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (*en banc*) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least 12 months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, experience and past work experience

to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.150(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The plaintiff contends that she meets the requirements of Listing 12.05C for mental retardation, thus requiring a finding of disability at the third step of the sequential evaluation process. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.05C. Listing 12.05C sets forth the requirements for a finding of mental retardation, in relevant part, as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, sub. pt B, App. 1, § 12.05C.

In order to meet the requirements of Listing 12.05C, the claimant must satisfy the specific requirements of paragraph C as well as the diagnostic description in the introductory paragraph. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (holding that "[a] claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder"). Therefore, to establish a claim under Listing 12.05C,

3

a claimant must prove the following: 1) the claimant suffers from "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period" (*i.e.* the diagnostic description), 2) the record demonstrates a valid verbal, performance, or full scale IQ of 60 through 70, and 3) the claimant suffers from a physical or other mental impairment imposing an additional and significant work-related limitation of function. *West v. Comm'r of Soc. Sec.*, 240 Fed. Appx. 692, 698 (6th Cir. 2007); *See also Daniels v. Comm'r of Soc. Sec.*, 70 Fed. Appx. 868, 872 (6th Cir. 2003).

Plaintiff's objection states that "the Magistrate Judge erred in relying on the fact that there has been no formal diagnosis of mental retardation, . . ." Plaintiff, however, misstates the finding of the Magistrate Judge. While Judge Inman did note that no medical provider had diagnosed plaintiff with mental retardation, he <u>did not</u> hold that such a formal diagnosis was required to meet the Listing. What the Magistrate Judge did point out is that "all examining and consultative sources" diagnosed plaintiff with "Borderline Intellectual Functioning," rather than mental retardation. Relying on *Cooper v. Comm'r of Soc. Sec.*, 2007 WL 543059 (6th Cir. 2007), the Magistrate Judge properly concluded that the diagnostic description of Listing 12.05C was not met and that substantial evidence supported the finding of the ALJ that plaintiff did not meet or equal Listing 12.05C. There is no error in the Magistrate Judge's Report and Recommendation.[1]

In light of the foregoing and based on the Court's review of the entire record in this case, there is substantial evidence to support the ALJ's finding that the plaintiff did not meet the requirements of Listing 12.05C and was not disabled. Finding no error in the Report and

---

[1] Although not discussed in this memorandum opinion, there is likewise no error in the Magistrate Judge's finding that substantial evidence supported the ALJ's RFC determination.

Recommendation, the Court will overrule plaintiff's objections, accept the Report and Recommendation in whole, deny plaintiff's motion for summary judgment, grant defendant's motion for summary judgment and affirm the defendant Commissioner's decision in this case denying plaintiff's application for Supplemental Security Income and dismiss this case.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE